UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESSIE HAMILTON,

  Plaintiff,

-VS-

CREDIT PROTECTION ASSOCIATION, LP,

  Defendant.

_____/

CASE NO.:

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like CREDIT PROTECTION ASSOCIATION, LP from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Plant City, Hillsborough County, Florida

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, is a corporation which was formed in Texas with its principal place of business at 13355 Noel Road, Suite #2100, Dallas, TX 75380, and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation FL 33324.

13. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692a(6).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692a(5).

15. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

16. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

17. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

18. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) 415-4361, and was the called party and recipient of Defendant's above described calls.

19. Plaintiff has never provided Defendant with her aforementioned cellular telephone number, nor has she ever provided verbal or express consent for Defendant to call her aforementioned cellular telephone number.

20. Upon information and belief, each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

21. Furthermore, upon information and belief, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. In or about October of 2014, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (844) 335-5701 and (844) 335-5702.

24. Immediately upon receipt of the calls, in or about October of 2014, the Plaintiff answered a call from the Defendant, received an automated message, and then the line would disconnect.

25. From about October of 2014 through June of 2015, the Plaintiff answered approximately fifty (50) calls Defendant placed to her aforementioned telephone number, would hear an automated message, and then the call would be disconnected, never providing the Plaintiff an opportunity to speak to an agent/representative of Defendant to make the calls stop.

26. Additionally, from a bout October of 2014 through June of 2015, the Plaintiff attempted to return calls to the Defendant at the number from which they were calling her, but was met with an automated message, and unable to reach an agent/representative for Defendant to make the calls stop.

27. Finally, in or about June of 2015, due to the ceaseless barrage of calls to her aforementioned cellular telephone number, Plaintiff again answered a call from Defendant to her aforementioned cellular telephone number, received an automated message, held the line, and was eventually connected to an agent/representative of Defendant, who informed Plaintiff that they were calling about a Brighthouse cable bill, at which time the Plaintiff informed Defendant

that she does not now, nor has she ever had an account with Brighthouse, and to cease placing calls to her aforementioned cellular telephone number.

28. During the aforementioned June of 2015 conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

29. The Plaintiff's conversation with the Defendant demanding an end to the harassment was ignored.

30. Despite actual knowledge that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

31. From about October of 2014 through the filing of this Complaint, Defendant placed approximately three-hundred (300) automated calls to Plaintiff's aforementioned cellular telephone, or as will be established after a thorough review of Defendant's records (Please see attached **Exhibit "A"** representing a non-exclusive call log of calls received from June 2, 2015 through August 18, 2015).

32. By continuing to call the Plaintiff despite being informed that she did not owe the debt for which they were calling, Plaintiff was led to believe the Defendant thought she was lying and the only way to stop the harassing calls was to pay the alleged debt.

33. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

34. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

35. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

36. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 196 times in the last three (3) years.

37. In the last three (3) years, the Defendant has had 253 complaints reported to the Better Business Bureau (BBB)[1].

38. Defendant violated the TCPA with respect to the Plaintiff.

39. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

41. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

42. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

44. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

45. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

46. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

47. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

49. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

---

[1] Retrieved from http://www.bbb.org/dallas/business-reviews/collection-agencies/credit-protection-association-in-dallas-tx-4676 on 12/30/2015.

## COUNT III
### (Violation of the FDCPA)

50. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

51. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

52. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

53. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

54. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
LCrouch@ForThePeople.com
Florida Bar #: 0098228
Attorney for Plaintiff

# Phone Call Log for (407) 415-4361

|     | **Date**   | **Time**  | **Caller**       |
|-----|------------|-----------|------------------|
| 1.  | 06/02/2015 | 03:52 pm  | (844) 335-5701   |
| 2.  | 06/02/2015 | 08:13 pm  | (844) 335-5701   |
| 3.  | 06/03/2015 | 08:35 am  | (844) 335-5701   |
| 4.  | 06/08/2015 | 07:42 am  | (844) 335-5701   |
| 5.  | 06/09/2015 | 11:08 am  | (844) 335-5701   |
| 6.  | 06/10/2015 | 09:58 am  | (844) 335-5701   |
| 7.  | 06/13/2015 | 09:42 am  | (844) 335-5701   |
| 8.  | 06/13/2015 | 04:56 pm  | (844) 335-5701   |
| 9.  | 06/19/2015 | 09:53 am  | (844) 335-5701   |
| 10. | 06/20/2015 | 09:33 am  | (844) 335-5701   |
| 11. | 06/20/2015 | 04:19 am  | (844) 335-5701   |
| 12. | 06/23/2015 | 09:15 am  | (844) 335-5701   |
| 13. | 06/25/2015 | 01:46 pm  | (844) 335-5701   |
| 14. | 06/28/2015 | 12:35 pm  | (844) 335-5701   |
| 15. | 06/29/2015 | 11:37 am  | (844) 335-5701   |
| 16. | 07/01/2015 | 07:31 am  | (844) 335-5701   |
| 17. | 07/04/2015 | 02:00 pm  | (844) 335-5701   |
| 18. | 07/04/2015 | 08:00 pm  | (844) 335-5701   |
| 19. | 07/07/2015 | 12:57 pm  | (844) 335-5701   |
| 20. | 07/08/2015 | 03:29 pm  | (844) 335-5701   |
| 21. | 07/08/2015 | 07:19 pm  | (844) 335-5701   |
| 22. | 07/10/2015 | 01:52 pm  | (844) 335-5701   |
| 23. | 07/11/2015 | 10:17 am  | (844) 335-5701   |
| 24. | 07/11/2015 | 02:08 pm  | (844) 335-5701   |
| 25. | 07/13/2015 | 03:04 pm  | (844) 335-5701   |
| 26. | 07/13/2015 | 06:54 pm  | (844) 335-5701   |
| 27. | 07/14/2015 | 07:07 pm  | (844) 335-5701   |
| 28. | 07/15/2015 | 08:49 pm  | (844) 335-5701   |
| 29. | 07/15/2015 | 04:58 pm  | (844) 335-5701   |
| 30. | 07/16/2015 | 03:40 pm  | (844) 335-5701   |
| 31. | 07/16/2015 | 07:03 pm  | (844) 335-5701   |
| 32. | 07/17/2015 | 03:45 pm  | (844) 335-5701   |
| 33. | 07/18/2015 | 02:42 pm  | (844) 335-5701   |
| 34. | 07/21/2015 | 07:10 pm  | (844) 335-5701   |
| 35. | 07/21/2015 | 03:20 pm  | (844) 335-5701   |
| 36. | 07/22/2015 | 02:52 pm  | (844) 335-5701   |
| 37. | 07/22/2015 | 06:42 pm  | (844) 335-5701   |
| 38. | 07/24/2015 | 02:23 pm  | (844) 335-5701   |
| 39. | 08/01/2015 | 05:41 pm  | (844) 335-5701   |
| 40. | 08/09/2015 | 12:22 pm  | (844) 335-5701   |

EXHIBIT "A"

## Phone Call Log for (407) 415-4361

| | | | |
|---|---|---|---|
| 41. | 08/11/2015 | 03:03 pm | (844) 335-5701 |
| 42. | 08/12/2015 | 04:57 pm | (844) 335-5701 |
| 43. | 08/12/2015 | 08:48 pm | (844) 335-5701 |
| 44. | 08/18/2015 | 07:28 pm | (844) 335-5701 |

EXHIBIT "A"